United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PATZER,<br>Plaintiff,<br>v.<br>CIENA COMMUNICATIONS, INC.,<br>Defendant. | Case No. 26-cv-05621-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART**<br><br>Re: Dkt. No. 7 |

Plaintiff Steven Patzer sues his former employer, Ciena Communications, Inc. (Ciena), for violations of various California laws arising from Ciena's handling of his immigration benefits applications and for eventually terminating Patzer's employment in May 2024. Ciena now moves to dismiss several of Patzer's causes of action for failure to state a claim. For the reasons stated below, the Court grants Ciena's motion in part.

**BACKGROUND**

Plaintiff Steven Patzer is a Canadian citizen and resident.[1] FAC ¶ 1. Defendant Ciena Communications is a Delaware corporation with its principal place of business in Maryland that does business in California. FAC ¶ 2. Patzer alleges that venue is proper in Santa Clara because that "is where the employment contract" between the parties "was to be performed." FAC ¶ 6.

Patzer worked as a technology professional for Ciena beginning in 2004. FAC ¶ 8. Patzer worked from Canada where he resided with his wife and three children who, in 2019, were 11, 14, and 16 years old. Patzer alleges that in 2019, Ciena persuaded Patzer to move to San José and agreed to 1) sponsor Patzer for resident status, 2) "control and advance the process" to get

[1] For the purposes of defendant's motion to dismiss, the Court assumes the truth of Patzer's complaint.

permanent resident status for Patzer, 3) "control and advance the process" for Patzer's wife and three kids "to maintain derivative immigration status," and 4) continue to employ Patzer "at least through the adjudication of his application for permanent resident status." FAC ¶ 9.

Relying on Ciena's promises, Patzer sold his home in Canada and moved to San José with his family in 2019. FAC ¶ 12. Patzer spent money moving and renting a new home and his kids started new schools. FAC ¶ 12. Ciena petitioned the U.S. for an L-1B work visa for Patzer that was effective until May 19, 2022.

In April 2021, Patzer discussed moving toward permanent resident status out of concern for his son's immigration status. Patzer's son was set to turn 21 in 2023, at which point he would age out of derivative immigration status. FAC ¶ 16. Patzer alleges that Ciena reiterated in a November 2021 email that it would start the Program Electronic Review Management (PERM) process needed to get Patzer permanent residency. FAC ¶ 16. In March 2022, Ciena sent an email to its counsel and Patzer affirming that it could sponsor Patzer's permanent residency and telling the counsel to go ahead with the PERM process.

In May 2022, the United States approved Patzer's L-1B visa. FAC ¶ 18. Around this time, Ciena acknowledged that it had made mistakes in processing Patzer's L-1B work visa extension applications and his application for permanent resident status. Ciena allegedly did not start the PERM process until February 2023, despite promising to do so in November 2021. FAC ¶ 19. In May 2023, Ciena promised to petition the U.S. to change Patzer's L-1B visa to an L-1A visa, which would reclassify Patzer's role to one with executive or management responsibilities and extend Patzer's eligibility to remain the U.S. until at least May 2026. FAC ¶ 20.

Patzer alleges that between October 2023 and April 2024, Ciena broke its previous promises in multiple ways. Patzer refers to "a series of performances [Ciena] agreed to make in exchange for [Patzer's] relocation to California." Opposition at 3. Ciena allegedly refused to petition to move Patzer from L-1B status to L-1A status, FAC ¶ 22a, and refused to apply for the U.S. to "recapture" the 300 days Patzer spent abroad, which Patzer says would have extended his L-1B visa's validity. FAC ¶ 22b. Patzer accuses Ciena, "at the last moment" before his visa was set to expire, of insisting that Patzer accept a "TN" nonimmigrant classification, which would have

precluded Patzer's wife from obtaining work authorization. FAC ¶ 22c. Patzer alleges that Ciena's delay in starting the PERM process, refusal to apply for a L-1A visa or a recapture of his 300 days abroad, and urging him to accept a TN classification were actionable failures to perform its promises to him. FAC ¶ 23. Patzer also complained to Ciena about "conduct which [he] reasonably and objectively believed violated, and which did violate, the provisions of California Labor Code § 970." FAC ¶ 24. Patzer alleges that, in response to Patzer's complaints, Ciena retaliated against him by "deliberately refusing to satisfy its INITIAL PROMISES AND AGREEMENT" and ultimately terminating his employment on May 17, 2024. FAC ¶¶ 25, 26.

Patzer alleges nine causes of action: 1) promissory estoppel; 2) misrepresentation; 3) breach of California Labor Code § 970; 4) breach of California Labor Code § 1102.5; 5) breach of California Government Code § 12940; 6) wrongful termination in violation of public policy; 7) breach of contract; 8) negligence; and 9) breach of California Labor Code § 1198.5. Patzer seeks consequential damages. FAC at 17–18. He also seeks double damages under California Labor Code § 972 for violations of § 970; penalties for violations of § 1198.5; penalties for violations of § 1102.5; punitive damages; fees and costs; and pre- and postjudgment interest. FAC at 17–18. Ciena move to dismiss Patzer's claims of 2) misrepresentation; 3) breach of California Labor Code § 970; 4) breach of California Labor Code § 1102.5; 5) breach of California Government Code § 12940; and 6) wrongful termination in violation of public policy.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to establish a federal court's subject matter jurisdiction may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). When considering a facial challenge, the Court must "take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

### I. Claim 2: Misrepresentation

A claim for misrepresentation requires pleading that the defendant represented that a fact was true at a time when that fact was actually false. *See Engalla v. Permanente Med. Grp.*, 15 Cal. 4th 951, 974 (1997). Federal Rule of Civil Procedure 9(b) further requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Ciena argues that Patzer fails to plead any specific misrepresentations, as well as any other element of the intentional or negligent misrepresentation causes of action. Motion to Dismiss at 5–7.

According to Patzer's complaint, Ciena promised to sponsor Patzer's U.S. residency status, "control and advance" the process for Patzer and his family to obtain permanent resident status in the United States and continue to employ Patzer at least through the adjudication of his application for permanent resident status. FAC ¶ 9. In support of his claim that these promises were false, Patzer points to "several missteps during the immigration processing of extensions to PATZER's

L-1B work visa and his Green Card application." FAC ¶ 18. Patzer also alleges that Ciena declined to petition to transfer Patzer from an L-1B visa to an L-1A visa, declined to recapture Patzer's 300 days spent abroad, and instead advocated for a "TN" classification. FAC ¶ 22. And he alleges that Ciena ultimately terminated his employment.

The problem is that Patzer does not allege facts plausibly suggesting that Ciena misrepresented its intentions *at the time it made those representations*. The facts Patzer alleges are consistent with the understanding that Ciena fulfilled its initial promise to sponsor and advance his immigration residency process but ultimately acted negligently or inadequately in pursuit of that commitment. Ciena points out that in February 2023, it did "trigger[] the first required step of the PERM process." Motion to Dismiss at 7.[2] None of the facts about what happened after Patzer moved to the United States suggest that Ciena knew at the time it asked him to move to California that it would not be successful in procuring permanent residency for Patzer and his family.

Therefore, the Court grants Ciena's motion to dismiss Patzer's misrepresentation claim.

## II. Claim 3: Breach of California Labor Code § 970

Ciena moves to dismiss Patzer's claim that it violated California Labor Code § 970 for lack of timeliness and for failing to state a substantive claim.

Ciena argues that the relevant limitations period is one year under California Code of Civil Procedure § 340. Because Patzer was told on April 24, 2024, that his employment was being terminated on May 17, 2024, FAC ¶ 26, Ciena argues that Patzer had to file his complaint by May 17, 2025. MTD at 9. Patzer filed his initial complaint on April 10, 2026. Notice of Removal ¶ 1. Therefore, Ciena argues, Patzer's claim is untimely.

[2] Ciena requests judicial notice of an employment offer letter stating that Patzer's employment with Ciena will be at-will. *See* Motion to Dismiss at *7–8. Patzer opposes the request. Opposition at 2–3. The Court denies Ciena's request for judicial notice because the offer letter is not a "fact that is not subject to reasonable dispute" as it is neither "generally known with the trial court's territorial jurisdiction" nor can it be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Nor can the offer letter be judicially noticed by the "doctrine of incorporation by reference" because the doctrine allows for judicial notice of an extrinsic document only "if the pleading 'refers extensively to the document' or if 'the document forms the basis' of a claim." *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001 (N.D. Cal. 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). Patzer's complaint refers to an "employment agreement" which may not be identical to Ciena's offer letter. Thus, Ciena's request for judicial notice is denied.

California Labor Code Section 970 prohibits someone from knowingly inducing someone to move to California for work. California Labor Code Section 972 provides double damages for a violation of Section 970. *See Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1104–05 (N.D. Cal. 2009). California Code of Civil Procedure provides a general three-year statute of limitations for statutory violations "other than a penalty or forfeiture." Cal. Code of Civ. Proc. § 338(a). For statutes that involve a "penalty or forfeiture," the statute of limitations is one year. *Id.* § 340(a).

Patzer argues that the statute of limitations is three years because § 970 is not a penalty or forfeiture statute. In response, Ciena cites *Keenan v. Cox Commc'ns Cal., LLC*, 835 Fed. Appx. 193, 195 (9th Cir. Nov. 4, 2020), in which the Ninth Circuit in an unpublished memorandum disposition understood § 972 to impose a penalty for statute-of-limitations purposes. Further support for § 972 being a penalty or forfeiture comes from the California Supreme Court's decision in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1104 (2007), which explained that "[p]enalties provide for recovery of damages additional to actual losses incurred, such as double or treble damages." *Id.* (cleaned up). Patzer cites *Chavarria v. Superior Court*, 40 Cal. App. 3d 1073, 1076–77 (1974), but Ciena accurately observes that that case did not involve whether § 972 was "penal" in the sense of the California Code of Civil Procedure but "in the international sense, so that it cannot be enforced in the courts of another state."

Although the issue is not crystal clear, *Murphy* and *Keenan* lead the Court to conclude that the California courts would deem § 972 as imposing a penalty. Consequently, the one-year statute of limitations applies, and Patzer's complaint is untimely. Ciena's motion to dismiss the § 970 claim is therefore granted.

## III. Claim 4: Breach of California Labor Code § 1102.5

Section 1102.5 of the California Labor Code prohibits employers from "retaliat[ing] against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…." Cal. Labor Code § 1102.5(b). The parties

agree that a retaliation claim under § 1102.5 requires that plaintiff engaged in protected activity, an adverse employment action, and a causal link between that activity and that action. Motion to Dismiss at 10; Opposition at 14. Ciena argues that Patzer has not stated a claim for retaliation in violation of § 1102.5 because he has not pleaded that he engaged in protected activity. Motion to Dismiss at 10–11.

Ciena points out that Patzer only vaguely "complained" to Ciena "about its conduct," which Patzer thought violated Section 970 of the California Labor Code, but provides no other details about his complaint. FAC ¶ 44(b). Patzer alleges that Ciena then "retaliated" by refusing to carry out its previous promises to support his immigration status and ultimately terminating Patzer's employment. FAC ¶¶ 24, 25. Although Patzer does not allege precisely when he complained, drawing all inferences in Patzer's favor, Patzer alleges that he complained and that he faced retaliation soon enough thereafter to plausibly infer a causal connection between the two. At this stage of the proceedings, these allegations are sufficient to make his retaliation claim plausible.

**IV. Claim 5: Breach of California Government Code § 12940**

Ciena argues that Patzer fails to state a claim for national origin discrimination under § 12940 because his only relevant allegation is the conclusory allegation that he was discriminated against "due to [his] Canadian national origin." FAC ¶ 47; Motion to Dismiss at 12.

California Government Code § 12940 prohibits employers from terminating the employment of an employee because of the employee's national origin. Patzer alleges that, "[d]ue to PATZER's Canadian national origin, CIENA discriminated against PATZER in the terms, conditions, and privileges of his employment, including by its deliberate refusal to satisfy its INITIAL PROMISES AND AGREEMENT and its ultimate termination of PATZER." FAC ¶ 47. The problem with Patzer's allegation is that he does not allege any factual material from which to determine whether his claims of national-origin discrimination are plausible. Ciena points out that it employed Patzer for nearly 15 years, five of which were in the United States, which would undermine the plausibility of inferring any animus toward Patzer based on his Canadian heritage. Motion to Dismiss at 12–13. And Patzer does not provide factual allegations that would tend to

United States District Court
Northern District of California

suggest that Ciena delayed in advancing his immigration process or terminated his employment because was Canadian. In the absence of specific factual allegations from which to infer that Ciena was motivated by anti-Canadian bias, the Court must grant Ciena's motion to dismiss.

**V. Claim 6: Wrongful Termination in Violation of Public Policy**

California law prohibits termination of employment when the termination "violates fundamental principles of public policy." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980). Ciena argues that Patzer's claim that it wrongfully terminated his employment in violation of California public policy should be dismissed because his underlying termination-related claims fail. Patzer agrees that his public policy claim rises and falls with the other causes of actions. Opposition at 17–18.

For the reasons discussed above, Patzer has stated a claim for retaliation. Preventing such retaliation for protected conduct reflects a fundamental principle of public policy in California. Therefore, the Court denies Ciena's motion to dismiss Patzer's wrongful termination in violation of public policy claim.

**VI. Punitive Damages**

Ciena moves to dismiss plaintiff's request for punitive damages. Ciena notes that Patzer cites California Government Code § 3294, which does not appear to exist. FAC ¶ 66. Assuming that Patzer meant California *Civil* Code § 3294, Ciena argues that Patzer has not pleaded facts to support punitive damages because punitive damages require the defendant to have acted with "oppression, fraud, or malice" and Ciena says Patzer has not alleged any such facts. Cal. Civ. Code § 3924. Given that the Court considers this case at the pleadings stage, and because there are still other causes of action that Ciena does not seek to dismiss, punitive damages may be appropriate if Ciena is eventually found to have acted with "oppression, fraud, or malice." Thus Ciena's motion to dismiss the punitive damages request is denied.

**CONCLUSION**

For the reasons stated above, the Court grants Ciena's motion to dismiss Patzer's claims for misrepresentation, breach of California Labor Code § 970, and breach of California Government Code § 12940. The Court denies Ciena's motion to dismiss Patzer's claims for breach

United States District Court
Northern District of California

of California Labor Code § 1102.5 and wrongful termination in violation of public policy and his request for punitive damages.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge